UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:11-cr-0155-SEB-TAB-06 |
| ) | |
| MICHAEL E. PITTS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION FOR AN ORDER AUTHORIZING
THE DESTRUCTION OF A CERTAIN FIREARM**

The United States of America, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Bradley A. Blackington, Assistant United States Attorney for the Southern District of Indiana, hereby files its Motion for an Order Authorizing the Destruction of a Certain Firearm, pursuant to 28 U.S.C. § 1651 (the "All Writs Act"), authorizing the United States to destroy, subject to appropriate notice, one .22 magnum Stevens Favorite Rifle, bearing serial number 738 ("the firearm") (Asset Identification Number: 12-FBI-000548), presently owned by Michael E. Pitts ("the defendant"), a convicted felon. In support hereof, the United States of America states the following:

1. The Federal Bureau of Investigation ("FBI") currently has the firearm in its possession. The firearm was seized by the FBI on August 23, 2011, from the defendant's private residence through the investigation and ultimate conviction of the defendant for a felony offense.

2. The defendant had a prior felony criminal record including felony conviction for burglary, a Class C felony, in Vigo County (Indiana) on or about February 27, 1987. Dkt. 77.

3. In the instant case, the defendant was indicted on one count of Conspiracy to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and

856, (Count One) and one count of Being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Seven). Dkt. 77. The Superseding Indictment included a forfeiture provision giving notice of the United States' intent to forfeit either "any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses of which he or she is convicted" (Count One) and "any firearm or ammunition involved in or used in any of the offenses of which he or she is convicted" (Count Seven). Dkt. 77.

4. The defendant plead guilty to Count One, and the Court issued its Judgment in a Criminal Case on August 10, 2012, adjudicating him guilty of that charge. Dkt. 315. The Judgment in a Criminal Case provided that the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapons. Dkt. 315.

5. No Preliminary Order of Forfeiture was entered concerning the firearm, nor was the firearm included in the Judgment and Commitment Order entered by this court on August 10, 2012. However, the United States is aware of no alleged owner except for the defendant, who as a convicted felon is legally prohibited from possessing any firearm, including the firearm listed above. No claim by any other alleged owner has been made to the firearm since the time of its seizure.

6. Without an order of this court authorizing the FBI to destroy the firearm, the FBI will be required to maintain, at an ever-increasing cost, custody and control of the firearm for an indefinite period of time. There is no corresponding benefit to the public in having the FBI maintain custody and control of the firearm, and it is against Department of Justice policy to release firearms of any type to state or local authorities for their own use or potential sale. Therefore, the United States requests the court to issue the attached order.

7. Under no circumstances should the FBI return the firearm to the defendant or any other convicted felon. As the Court is aware, 18 U.S.C. § 922(g)(1) provides that:

> It shall be unlawful for any person - (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

8. Following the entry of this Court's 2012 Judgment, in June 2015, the United States Supreme Court issued an opinion that held that § 922(g) does not abrogate a felon's ability to *own* firearms; rather it prohibits a felon's *knowing possession* of firearms. *Henderson v. United States*, 135 S.Ct. 1780 (2015). Under that ruling, a convicted felon conceivably would retain the ability to dispose of or gift a firearm to a third party, so long as that third party would not afford the felon any control over the firearm. *Id*. at 1787. The Court noted that to hold otherwise would improperly expand the definition of "possession" in § 922(g) to include other property interests, such as the "naked right of alienation." *Id*. at 1785.

9. However, the Supreme Court also instructed that its ruling was one in equity, and thus principles of equitable jurisdiction would apply. The firearms at issue in *Henderson* belonged to the defendant before he became a convicted felon. As a condition of bond, pre-conviction, the court required him to turn over his then-legally-owned weapons to federal law enforcement. After his conviction—at which he acquired felon status—he became a prohibited person and thus the firearms could not be returned to his possession. In that instance, the Court held that principles of equity dictated that the defendant should be able to designate a third party to receive the firearms. The Court noted in dicta that the equitable principle of "unclean hands" did not apply in *Henderson* but might apply in other cases, "if a felon requests the return or transfer of property used in furtherance of his offense." *Id*. at 1787, n.1. More generally, the

unclean hands doctrine would forestall equitable relief "when . . . an individual's misconduct has 'immediate and necessary relation to the equity that he seeks.'" *Id.* (*Citing Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933)).

10.     Here, the United States seeks to destroy the same firearm that was expressly involved in the offense the defendant was indicted for, that of Being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). There is no dispute that the defendant was a felon at the time the firearm was seized. By that statute's very definition, the defendant was a prohibited person at the time he acquired possession of the firearm due to his past felony conviction. Furthermore, the defendant was on notice of the possibility of forfeiture of the firearm by its inclusion in a Forfeiture Allegation in his indictment and the Court ordered that he was not to possess a firearm, ammunition, destructive device, or any other dangerous weapons. Dkt. 315. Principles of equity militate against the defendant being permitted to alienate the firearm because of any technical oversight on the part of the United States. In short, the defendant has unclean hands.

11.     Currently, there is no specific statute authorizing the destruction of firearms in the circumstances described herein. However, the All Writs Act authorizes "[t]he Supreme Court and all courts established by Act of Congress. . . [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As the Supreme Court explained, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985); *see also Harris v. Nelson*, 394 U.S. 286, 299 (1969) (internal citations omitted) (All Writs Act "has served . . . as a

legislatively approved source of procedural instruments designed to achieve the rational ends of the law").

12. If the court grants this motion, the United States will, to the extent practicable, provide personal notice of its intent to destroy the firearm to any known owner of that firearm, should any person with a colorable claim of ownership come to the attention of the United States. Furthermore, with respect to any unknown owners of the firearm, the United States will publish notice of its intent to destroy the firearm, in a manner consistent with the methods employed in a criminal forfeiture action.

13. If within 30 days following the last date of published notice, the United States receives a claim regarding the firearm, the United States will discuss the matter with the claimant in order to determine whether it is appropriate to recognize the claim. If the United States and the claimant cannot agree, court action may be required with respect to the firearm. If no claim is filed regarding the firearm within 30 days following the last date of published notice, the United States will direct the FBI to destroy the firearm.

WHEREFORE, because (1) the firearm cannot be legally returned to the defendant as a convicted felon, (2) the firearm cannot be legally released to a state or local authority for use in service or sale, (3) the defendant has unclean hands and should not be able to designate a third party recipient, and (4) no other alleged owner has come forward to make a claim to the firearm since the time of its seizure, the United States respectfully requests the court to exercise its

power under the All Writs Act and grant this motion by entering the proposed order submitted herewith.

                                              Respectfully submitted,

                                              JOSH J. MINKLER
                                              United States Attorney

By:    *s/ Bradley A. Blackington*
        Bradley A. Blackington
        Assistant United States Attorney
        Office of the United States Attorney
        10 W. Market St., Suite 2100
        Indianapolis, Indiana 46204-3048
        Telephone: (317) 226-6333
        Fax: (317) 226-5027
        Email: Bradley.Blackington@usdoj.gov

**CERTIFICATE OF SERVICE**

     I hereby certify that   on September 25, 2018, a copy of the forgoing Motion for an Order Authorizing the Destruction of a Certain Firearm was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.  Parties my access this filing through the court's system.

                                       *s/ Bradley A. Blackington*
                                       Bradley A. Blackington
                                       Assistant United States Attorney
                                       Office of the United States Attorney
                                       10 W. Market St., Suite 2100
                                       Indianapolis, Indiana 46204-3048
                                       Telephone: (317) 226-6333
                                       Fax: (317) 226-5027
                                       Email: Bradley.Blackington@usdoj.gov